## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

JOHNATHAN PEREZ                                                                                          PLAINTIFF
ADC #170678

v.                                          3:20-cv-00375-DPM-JJV

BURSE, Officer, Mississippi County Jail; *et al.*                                          DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

Johnathan Perez ("Plaintiff") was a convicted prisoner awaiting transportation to the Arkansas Division of Correction when he filed this *pro se* action pursuant to 42 U.S.C. § 1983. (Doc. 2.) He alleges unspecified correctional officers at the Mississippi County Detention Facility failed to protect him from being attacked by inmate Colton Marbry on November 8, 2020. (*Id.*) He brings these claims against Defendants Officers Burse, Springer, Ashley, and Sayre in

1

their official and individual capacities. (*Id*.) And, damages are the only relief he seeks. (*Id*.) Pursuant to the screening mandated by 28 U.S.C. § 1915A, I conclude he has failed to plead a claim upon which relief may be granted for the following reasons.[1]

First, Plaintiff's official capacity claims "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Mississippi County cannot be held vicariously liable for constitutional violations committed by its employees. *See Id.* Instead, Mississippi County can only be held liable if the constitutional violation resulted from "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.,* 829 F.3d 695, 699 (8th Cir. 2016). Because the Complaint does not contain any such facts, Plaintiff has not pled any plausible official capacity claims.

Second, prison officials are not liable "every time one inmate attacks another." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018). Thus, to plead a plausible § 1983 failure to protect claim against Defendants, in their individual capacities, there must be facts suggesting: (1) objectively, there was a substantial risk of serious harm; and (2) subjectively, the defendants knew of but disregarded that substantial risk of serious harm. *Blair v. Bowersox*, 929 F.3d 981, 987 (8th Cir. 2019); *Patterson,* 902 F.3d at 851. Plaintiff says that on November 7, 2020, Marbry was taken to a hospital for treatment of unspecified "mental issues." (Doc. 2 at 4.) After Marbry allegedly refused treatment, he returned to the barracks even though "he was not in his right state

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

of mind." (*Id.*) The following morning Marbry "attacked" Plaintiff. (*Id.*) Although Marbry allegedly had a mental issue of some kind, Plaintiff has not pled any facts suggesting there was a substantial risk he might harm another prisoner. And, Plaintiff has not provided any facts suggesting Defendants Burse, Springer, Ashley, or Sayre were subjectively aware of but deliberately indifferent to any such substantial risk. In fact, Plaintiff has not named them *at all* in the body of his Complaint. Finally, Plaintiff has not explained what, if any, injuries he sustained in the attack. *See Schoelch v. Mitchell,* 625 F.3d 1041, 1044 and 1047 (8th Cir. 2010) (dismissing a pretrial detainee's failure to protect claim because he did not suffer an objectively serious injury). Thus, he has also failed to plead a plausible claim against Defendants in their individual capacities.

Importantly, I previously brought these pleading deficiencies to Plaintiff's attention, gave him thirty days to file an Amended Complaint curing them, provided him a complaint form, and advised him I would recommend dismissal if he failed to plead a plausible claim for relief. (Doc. 3.) Plaintiff has not filed an Amended Complaint, and the time to do so has expired. Because he has not maintained a current mailing address with the Clerk, it would be futile to give Plaintiff an extension of time to amend his Complaint.

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

    3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

    DATED this 6th day of January 2021.

                                                              _____
                                                              JOE J. VOLPE
                                                              UNITED STATES MAGISTRATE JUDGE